## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2020, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert F. Ahlgrim, Jr.
State Auto Insurance House Counsel
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Katherine M. Marshall
Robert H. Ebbs
Glaser & Ebbs
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David J. Christner,<br>*Appellant-Defendant,*<br><br>v.<br><br>Jon A. Ward,<br>*Appellee-Plaintiff.* | January 30, 2020<br><br>Court of Appeals Case No.<br>19A-CT-1009<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Jonathan M.<br>Brown, Judge<br><br>Trial Court Cause No.<br>29D02-1405-CT-4928 |

**Mathias, Judge.**

[1] David J. Christner ("Christner") appeals the $500,000 judgment entered in Jon A. Ward's ("Ward") favor after a jury concluded that Christner negligently caused an automobile accident. Christner argues the Hamilton Superior Court

tendered a jury instruction that invaded the province of the jury resulting in prejudicial error that warrants a new trial.

[2] We affirm.

## Facts and Procedural History

[3] On August 29, 2012, Christner's vehicle rear-ended Ward's truck. Ward had slowed his truck and was waiting to make a left-hand turn onto Lion's Creek Boulevard in Noblesville, Indiana. Ward saw Christner's vehicle approaching from behind and anticipated that he was going to be struck. However, there was nothing he could do to avoid the collision, and he braced himself before the impact occurred.

[4] Twenty-four-year-old Ward did not seek medical treatment at the scene of the accident. The next day he sought treatment with his primary care physician because he was suffering from back pain. Ward's back pain did not resolve, and he also developed sciatic nerve pain. Over the next several years, Ward saw several physicians and a chiropractor seeking treatment for continued nerve pain. Although various treatments were successful in providing Ward with some relief, the nerve pain never completely abated. The continued pain impacted Ward's career as a welder because he was unable to bend and twist as required by that vocation. Ward was forced to change jobs and employment as a result. Ward was also unable to physically participate in certain recreational activities he had enjoyed before the accident.

[5] On May 23, 2014, Ward filed a complaint in Hamilton Superior Court alleging that Christner negligently operated his automobile causing injury to Ward and his vehicle. Christner denied the allegations, and in his answer, raised the affirmative defense of comparative fault. Christner also alleged that Ward sought unnecessary medical treatment and failed to mitigate his damages.

[6] A jury trial commenced on January 15, 2019. Dr. John Ward,[1] an anesthesiologist specializing in pain management, testified at trial. Dr. Ward testified that he first saw Ward on October 21, 2015. While treating Ward, Dr. Ward reviewed prior physician's records including records from a spine surgeon, a neurologist, a neurosurgeon, and a chiropractor. Dr. Ward ultimately concluded that Ward sustained a right-sided L5 radiculopathy as a result of the collision.

[7] While Christner was cross-examining Ward, Christner offered Exhibit J into evidence, which contained Ward's records of medical visits at the Indiana Spine Group with Dr. Paul Kraemer. Dr. Kraemer did not testify at trial, but Dr. Ward did review his records while treating Ward. Ward objected to the admission of Exhibit J because it "contains inadmissible hearsay opinions of doctors who are not testifying in this case." Tr. Vol. 3, p. 147. The trial court admitted the exhibit but gave the following limiting instruction:

---

[1] The doctor is not related to Ward.

I'm just instructing the jury to let you know that you may see diagnoses from physicians that have not testified today. . . . [T]he medical records that were provided to Dr. Ward as he had testified today, that he said he had reviewed the medical records and he relied on them to some degree in order to make his own decisions.

With that said, just because there's a diagnosis in the record doesn't mean that the diagnosis in the record is true. Because, for example, Dr. Ward didn't meet with the Plaintiff until a couple years after the accident. Okay? So, he can't say that this is what happened on such and such a day, but he can review a medical record, just like any of our doctors can rely on a medical record from a prior doctor, in trying to decide how to help treat all of us. Okay? So, it's not whether it's true, but it's just there. So, you can't treat that diagnosis as true that's set forth in the medical record. All right?

Tr. Vol. 3, pp. 150–51. Christner objected to the limiting instruction but did not specify the grounds for his objection. *Id.* at 151. Additional medical records that Dr. Ward relied on were also admitted into evidence.

[8] Ward argued that as a result of the accident, he was entitled to receive $1.5 million in damages. Christner argued that, if the jury determined that he was at fault, Ward proved that he suffered "between $12,500 and $17,500" in damages. Tr. Vol. 3, p. 215. Ultimately, the jury determined that Christner negligently operated his vehicle and caused the collision with Ward's truck. The jury awarded Ward $500,000 in damages.

[9] Christner filed a motion to correct error and argued that the trial court committed prejudicial error by tendering the limiting instruction to the jury.

Christner also claimed that the jury's damage award was against the weight of the evidence. The trial court held a hearing on the motion on March 25, 2019.

[10] Ward argued that Christner waived his claim of error by failing to raise a specific objection to the limiting instruction during trial. Christner argued that the limiting instruction was prejudicial because it invaded the province of the jury as the exclusive fact-finder. Christner claimed that the limiting instruction gave the jury the impression that Dr. Ward's opinion was "accurate and all the other physicians were wrong." Tr. Vol. 4, p. 2.

[11] On April 5, 2019, the trial court issued an order denying Christner's motion to correct error. In pertinent part, the order provides:

> 7. Plaintiff correctly notes Defendant did not state a basis for objecting to the instruction;
>
> 8. Further, at the time of the limiting instruction, the trial was still ongoing, final instructions had not been read to the jury, the jury had not begun deliberations, and neither party sought an additional instruction with regards to the opinion testimony contained in the medical records for purposes of final instructions for the jury;
>
> 9. With regards to the limiting instruction, this Court believes, that if there was error, it was harmless error, as Defendant could have stated his objection with more particularity or take[n] corrective action during the trial by requesting an additional final instruction prior to the jury beginning deliberations[.]

Appellant's App. p. 22. The trial court also concluded that the damage award was supported by the evidence.

[12] Christner now appeals.

## Discussion and Decision

[13] Christner only challenges the limiting instruction on appeal arguing that it "invaded the province of the jury and violated defendant's right to a trial by jury as protected by the Constitution of the State of Indiana." Appellant's Br. at 7. Christner claims that

> The information in the medical records was crucial to the defense of the litigation. The impact of [the] Trial Court's instruction affected the defendant's entire case, including the other medical records presented to the jury, the cross-examination of treating physicians which focused upon the medical records, as well as the jury's perception of the defense.

*Id.* at 7–8.

[14] Christner did not make this argument during trial, but simply stated that he objected to the limiting instruction.[2] Tr. Vol. 3, p. 151. It is well-settled that "[a]n objection which is not specific preserves no error on appeal." *Hill v. Rhinehart*, 45 N.E.3d 427, 440 (Ind. Ct. App. 2015) (citation omitted), *trans. denied*. "Objections to instructions must state why the instruction is misleading,

---

[2] Christner's claim that the trial court gave the instruction "without consulting the affected party" is not supported by the record. *See* Appellant's Br. at 15; Tr. Vol. 3, pp. 150–51.

confusing, incomplete, irrelevant, not supported by the evidence, or an incorrect statement of the law." *Id.* (citing *Carrier Agency, Inc. v Top Quality Bldg. Products, Inc.*, 519 N.E.2d 739, 744 (Ind. Ct. App. 1988), *trans. denied*.

[15] Christner acknowledges that he failed to make a specific objection at trial but argues that the trial court's limiting instruction constitutes fundamental error. Our courts apply the fundamental error doctrine sparingly in civil cases. *See Johnson v. Wait*, 947 N.E.2d 951, 959 (Ind. Ct. App. 2011), *trans. denied*. Because the doctrine "is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process," the doctrine is typically applied only in cases where a person's liberty or parental rights are at stake. *Id.*; *Lehman v. State*, 926 N.E.2d 35, 38 (Ind. Ct. App. 2010), *trans. denied*. Because this case involves only monetary damages, Christner has not persuaded us that the doctrine applies. *See Johnson,* 947 N.E.2d at 959. *See also United Farm Bureau Family Life Insurance Co. v. Fultz*, 176 Ind. App. 217, 230–31, 375 N.E.2d 601, 611 (1978) (explaining that "[f]undamental or plain error results only where a statement is made or an act is done which results in prejudicial error that goes to the very heart of a party's case and where that statement or act is wholly outside of the preventive or corrective powers of that party").[3]

---

[3] In *Farm Bureau*, the trial court gave a jury instruction without objection that shifted the burden of proof. On appeal, Farm Bureau argued that shifting the burden of proof deprived it of a fair trial and due process of law.

[16] Christner also argues that the limiting instruction prejudiced his defense, which he claims

> was based upon the difference between the diagnosis made by John Ward, M.D., in 2015 of a right sided L5 radiculopathy, as compared with the diagnosis and treatment rendered by Paul [Kraemer], M.D., in 2013, for 'nonspecific left leg complaints', the negative results on the MRI's, as well as the subsequent opinions and information contained within the medical records of the plaintiff's previous physicians. The difference in the location of the symptoms as well as the difference in the diagnoses was the foundation of the argument that Plaintiff's subsequent complaints in 2014 and 2015 were likely related to the physical demands of his employment rather than the minor motor vehicle collision.

Appellant's Br. at 8–9 (emphasis in original).

[17] Dr. Ward testified that he relied on plaintiff Ward's prior medical records and had no reason to question the physicians' opinions contained therein. Tr. Vol. 3 pp. 69–70. And the trial court's limiting instruction advised that it was appropriate for Dr. Ward to rely on the previous records. The trial court's limiting instruction, relating only to prior physicians' diagnoses, was irrelevant to the MRI results, other test results, and Ward's right-sided and left-sided

Our court concluded that "the error complained of by Farm Bureau was not fundamental error because it could easily have been corrected or, at least, preserved for appeal, if Farm Bureau had made a timely objection." *Id.* at 231, 375 N.E.2d at 611.

complaints of pain, which were all noted in the medical records admitted into evidence.

[18] The trial court's admonishment to the jury that they should not treat the prior physicians' diagnoses as true was proper because the physicians did not testify at trial and were not subject to cross-examination.

> [F]or medical opinions and diagnoses to be admissible, they must meet the requirements for expert opinions set forth in Indiana Evidence Rule 702. Pursuant to Rule 702, the subject matter must be distinctly related to some scientific field, business, or profession *beyond* the knowledge of the average person. In addition, the witness must have sufficient skill, knowledge, or experience in that area so that the opinion will aid the trier of fact. *Importantly, "'[e]xpressions of opinion within medical or hospital records historically have not been admissible under the business records exception because their accuracy cannot be evaluated without the safeguard of cross-examination of the person offering the opinion.'"*

*Flores v. Gutierrez*, 951 N.E.2d 632, 640 (Ind. Ct. App. 2011) (internal citations omitted) (emphasis added), *trans. denied*; *see also Walker v. Cuppett*, 808 N.E.2d 85, 97–98 (Ind. Ct. App. 2004) (stating that "[o]pinions and diagnoses contained in medical records, although they constitute an exception to the hearsay rule pursuant to Indiana Evidence Rule 803(6), still must meet the requirements for expert opinions set forth in Indiana Evidence Rule 702 in order to be admitted into evidence").

[19] Ward's prior medical records were admitted into evidence, and Christner has not established that Dr. Kraemer or the other treating physicians were

unavailable witnesses.[4] Christner claims that the diagnoses by other treating physicians were crucial to his defense, but he did not present those witnesses at trial. Moreover, Ward's medical records detail his complaints of both right and left leg pain after the accident. And the trial court's limiting instruction did not prevent Christner from arguing that after Ward was released from physical therapy in March 2013, his "new onset of symptoms" were "more consistent with his physical activity at work and the physical labor." Tr. Vol. 3, p. 214. Christner relied on Ward's testimony, the physical nature of his employment, his medical records, and the chiropractor's testimony to support his defense and request for a limited damage award. *See id*. at 216–17.

[20] The trial court's limiting instruction was a correct statement of law because the physicians did not testify at trial. Christner utilized other, properly admitted evidence to support his defense. For all of these reasons, we are not persuaded that the trial court's limiting instruction prevented him from adequately presenting his defense at trial.[5] We therefore affirm the judgment of the trial court.

---

[4] In his brief, Christner attempts to support his argument by citing cases that involve the admission or exclusion of evidence. *See e.g.* Appellant's Br. at 13 (citing *Walker,* 808 N.E.2d 85). Those cases have minimal persuasive weight in this appeal because we are only considering the effect of a limiting instruction.

[5] Without citation to the record, Christner claims that the trial court's limiting instruction "influenced the jury's perception of defendant's counsel." Appellant's Br. at 13. Christner claims the jury must have concluded that the "Trial Court's instruction that the jury, '[C]an't treat the diagnosis as true that's set forth in the medical record' left the jury with only one logical conclusion; that the information was false." *Id.* at 14. This argument is simply speculative. And we do not agree that the instruction, particularly when it is considered in the context of the entire trial, created an impression that defense counsel was misleading the

Affirmed.

Robb, J., and Pyle, J., concur.

---

jury. Moreover, counsel could have avoided this issue by presenting the testimony of Ward's prior treating physicians at trial.